■ HOWARD BOWNE, Respondent, v. FRED THOMPSON et al., Appellants.— In an action to recover damages for personal injury, defendants appeal from an order of the Supreme Court, Nassau County, dated January 3, 1964, which, upon plaintiff's motion to vacate a prior order of said court dismissing the complaint for lack of prosecution, amended said prior order so as to extend plaintiff's time to move to vacate such dismissal. Appeal dismissed, without costs. The order appealed from did not, as defendants assert in their notice of appeal, grant vacatur of the prior order dismissing the complaint. Rather, such order appealed from characterized the plaintiff's motion as one for reargument; and, upon granting such reargument, amended the prior order of October 16, 1963 by " extending the plaintiff's time to vacate the dismissal of the complaint." Under the circumstances the order appealed from is not an appealable order, since it does not affect a substantial right, and since, so far as appears, the parties have not exhausted at Special Term their rights under it (see 8 Carmody-Wait, New York Practice, § 28, p. 515). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARCHIE GIANUNZIO, Appellant.— In a criminal action, the defendant appeals from an order of the County Court, Westchester County, dated October 21, 1963, which denied his motion to inspect the Grand Jury minutes with respect to two indictments. Prior to the making of the motion, defendant had pleaded guilty to the indictments; sentence had been imposed; and defendant had fully served so much of the sentence as to which execution had not been suspended. Appeal dismissed. The order is not appealable; it is reviewable only on an appeal from the judgment of conviction (Code Crim. Pro., § 517; People v. Stewart, 20 A D 2d 675; People v. Latoski, 2 A D 2d 891). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.